UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO VARELA-ROBLES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:08CV00436 AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Alejandro Varela-Robles's pro se motion, filed under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. Movant is a federal prisoner serving three concurrent sentences of 188 months for drug offenses to which he pled guilty on April 18, 2007. In the motion now before the Court, Movant claimed that his appointed defense counsel, John Stobbs, was ineffective in several ways. By Order dated January 14, 2011, the Court rejected all of Movant's claims of ineffective assistance of counsel, except his claim that Stobbs did not file a direct appeal as Movant had asked him to do. An evidentiary hearing, at which Movant was represented by different counsel, was held on this one remaining claim on April 22, 2011. For the reasons set forth below, this claim is denied and a final judgment shall be entered against Movant.

Mr. Stobbs testified at the hearing that at sentencing, the Court[1] advised Movant of his appeal rights. He further testified that Movant never asked him to file an appeal, and that had Movant asked him to do so, he would have filed an appeal. Movant confirmed that at sentencing, the Court advised him that he had a right to appeal. He testified that right after he was sentenced, he told Mr. Stobbs that he wanted to file an appeal, and further that he called Mr. Stobbs several times from jail, asking him to file an appeal. Movant testified that he never checked with the court to ask if an appeal had been filed.

A defense lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). Although counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of § 2255 and does not require a showing of prejudice, a movant must show that he made his desire to file an appeal evident to his attorney. *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002).

Here, the Court finds credible Mr. Stobbs' testimony that Movant never asked him to file an appeal, and that had Movant asked him to file an appeal, he would have done so.

---

[1] The Honorable Donald J. Stohr, then presiding.

The Court finds less than credible Movant's testimony, especially his testimony that he called Mr. Stobbs several times from jail to ask about an appeal. Movant's testimony was vague, at time contradictory, and was inconsistent with other facts established in the record. In sum, the Court concludes that Movant has failed to carry his burden of proof by a preponderance of the evidence that he asked Mr. Stobbs to file an appeal.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Alejandro Varela-Robles's motion to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2011.